THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDLEY M. GARRISON, as Receiver of THE NASSAU ELECTRIC RAILROAD COMPANY, Appellant, *v.* LEWIS NIXON, Constituting the Public Service Commission of the State of New York, First District, et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDLEY M. GARRISON, as Receiver of BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant, *v.* LEWIS NIXON, Constituting the Public Service Commission of the State of New York, First District, et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDLEY M. GARRISON, as Receiver of the CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Appellant, *v.* LEWIS NIXON, Constituting the Public Service Commission of the State of New York, First District, et al., Respondents.

(Submitted September 27, 1920: decided October 22, 1920.)

MOTION for re-argument.    (See 229 N. Y. 575..)

*Per Curiam.*    The motion by the appellant for a re-argument of the appeal in each of the above-entitled proceedings should be denied.

*First.* It is urged that we should have held that the franchises granted to the Nassau Company and the Brooklyn, Queens County and Suburban Company respectively, on April 3, 1916, were new contracts modifying and superseding all previous agreements with local authorities in respect of the rate of fare upon any and all of the railroads entering into such systems respectively, and that these new franchises having been granted subsequent to July 1, 1907, were beyond the application of our decision in *Matter of Quinby* v. *Public Service Commission* (223 N. Y. 244), and were subject to the jurisdiction of the public service commission. This proposition was fully considered on the original argument, and we reached the conclusion, which we have no disposition to change, that under all of the circumstances

attending the granting of said franchises and including the saving clause in respect of fares on constituent roads therein contained, said franchises did not have the effect of superseding and so abrogating franchises and contracts regulating fares on constituent roads as to become franchises or contracts beyond the scope of the *Quinby* case within the principles of the case of *People ex rel. City of New York* v. *Nixon* (229 N. Y. 356).

*Second.* While the order before us for review in each of the above-entitled proceedings was considered as one denying jurisdiction by the public service commission to change the rate of fare on the system involved as an entirety, we nevertheless felt that it was desirable to indicate that certain constituent roads under their respective franchises and contracts as the latter appeared to us on the hearing would be excepted from the application of our decision in the *Quinby* case. We did not include in this classification of the franchises thus excepted, those in which no rate of fare had been fixed, for the status of these seemed obvious.

Going still further we enumerated certain franchises which on the facts then appearing to us seemed to come within some one of the classes excepted from the operation of the *Quinby* case. The many franchises of the different roads entering into the three large systems were not very fully or satisfactorily classified for us for this purpose, and we did not intend that our enumeration of specific roads as coming within some one of the excepted classifications should be conclusive or exclusive. The primary and fundamental purpose was to indicate principles by which franchises might be differentiated, leaving the facts in respect of any particular franchise to be developed on proper application before the public service commission for the purpose of determining to which class that particular franchise might belong.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ., concur.

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements.